COOLEY LLP
BETHANY C. LOBO (248109)
(blobo@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

LILIA R. LOPEZ (299230)
(llopez@cooley.com)
1299 Pennsylvania Avenue, NW Suite 700
Washington, D.C. 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

NACHI A. BARU (345978)
(nbaru@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

Attorneys for Defendant
CRESTA INTELLIGENCE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JUDY GALANTER, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CRESTA INTELLIGENCE, INC.,

Defendant.

Case No. 3:25-cv-05007-SI

**DEFENDANT CRESTA INTELLIGENCE, INC.'S ADMINISTRATIVE MOTION TO SEAL EXHIBIT 1 TO THE MANIE DECLARATION IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Date: October 17, 2025
Time: 10:00 a.m.
Dept.: Courtroom 1 – 17th Floor
Judge: Hon. Susan Illston

Date Action Filed: June 13, 2025
**TRIAL DATE: NONE**

Pursuant to Civil Local Rules 7-11 and 79-5 and the Court's Standing Order, Defendant Cresta Intelligence, Inc. ("Cresta") files this Administrative Motion to Seal Exhibit 1 to the concurrently filed Declaration of Vahid Manie-Oskoii in Support of Cresta's Administrative Motion to Seal ("Manie-Oskoii Declaration").[1] Cresta's request is based on the following Memorandum of Points and Authorities and the accompanying Manie-Oskoii Declaration.

## I. LEGAL STANDARD

It is well-settled that the public's "general right to inspect and copy public records and documents" is "not absolute," and "courts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978) (citations omitted). A party may seek to avoid disclosure of confidential, proprietary, or otherwise protected documents by moving to file those documents under seal. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Within the Ninth Circuit, a party seeking to file a document under seal in connection with a dispositive motion must show "compelling reasons" to support sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1099 (9th Cir. 2016).

Under the compelling reasons standard, documents can be sealed if they contain "business information that might harm a litigant's competitive standing." *Johnson v. Quantum Learning Network, Inc.*, No. 15-5013, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016) (quoting *Nixon*, 435 U.S. at 598); *see also id.* (finding compelling reasons existed to seal "sensitive financial information of Defendant[-movant] that, if made public, could harm Defendant's business interests" under Local Rule 79-5); *Network Appliance, Inc. v. Sun MicroSystems, Inc.*, No. 07-6053, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) (under Local Rule 79-5, finding compelling reason to seal "in light of the confidential nature of the information" and the "competitive harm" that would likely result "if the confidential information were disclosed").

[1] Pursuant to Local Rule 7-11(a), undersigned counsel confirmed that Plaintiff's counsel does not object to the filing of this administrative motion to seal, although Plaintiff's counsel has not yet had an opportunity to review the underlying document. Accordingly, Plaintiff's counsel advised that they reserve the right to object to or oppose some or all of this motion after further review.

Courts regularly grant motions to seal contracts which include confidential information about a party's pricing and sales relationships, and which could harm a party's future economic standing if made public. *See Koop v. Healthcare Markets, Inc.*, No. 24-5103, 2024 WL 4733513, at *1 (N.D. Cal. Oct. 23, 2024) (sealing a purchase agreement and related documents which "reflect[ed] confidential contract negotiations"); *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (holding that "compelling reasons exist to seal" information that "divulges terms of confidential contracts"); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (granting motion to seal portions of a licensing agreement which discussed "pricing terms, royalty rates, and guaranteed minimum payment terms").

## II. ARGUMENT

Exhibit 1 to the Manie-Oskoii Declaration is the Software as a Service agreement between United Airlines ("United") and Cresta (the "United Agreement") that governs United's use of Cresta's services. The United Agreement is directly relevant to the allegations and claims presented in the Complaint. Further, it contains significant amounts of confidential information, the public disclosure of which would cause Cresta significant competitive harm. "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit sealing law on appeal from the Northern District of California in ruling that the relevant documents must be sealed); *see also Rodman v. Safeway Inc.*, No. 11-3003, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (granting defendant's request to seal information which, among other things, touched on defendant's "pricing strategy" and "decision-making", "which would expose [defendant] to competitive harm if disclosed").

The United Agreement contains sensitive, non-public information related to the terms Cresta negotiated with United and provides insight into some of the specific functioning of Cresta's proprietary technologies. *See* Manie-Oskoii Decl. ¶ 4. Public disclosure of this information could harm Cresta by alerting its competitors to ways they might undercut Cresta's pricing, imitate Cresta's business and technical strategies, or otherwise usurp Cresta's sales relationships. *Id.* Accordingly, compelling reasons exist to seal this information. *See Keirsey v. eBay, Inc.*, No. 12-

1200, 2013 WL 5609318, at *3 (N.D. Cal. Oct. 11, 2013) (compelling reasons to seal information related to certain user fees paid to defendant); *Murphy v. Kavo Am. Corp.*, No. 11-410, 2012 WL 1497489, at *2 (N.D. Cal. Apr. 27, 2012) (compelling reasons to seal documents containing "sales data" which "[competitors] might be able to [use to] seize [defendant]'s market share").

## III. CONCLUSION

For the reasons set forth herein and in the Manie-Oskoii Declaration in support of Cresta's Administrative Motion to Seal, Cresta respectfully requests that the Court seal portions of the United Agreement.

Dated: August 18, 2025

COOLEY LLP

By: */s/ Bethany C. Lobo*
Bethany C. Lobo

Attorneys for Defendant
CRESTA INTELLIGENCE, INC.